Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/23/2018 08:12 AM CDT

- 461 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. FELLER
Cite as 299 Neb. 461

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. JOHN D. FELLER, RESPONDENT.
___ N.W.2d ___

Filed March 23, 2018.    No. S-17-1291.

Original action. Judgment of disbarment.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, John D. Feller, on December 11, 2017. The court accepts respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on July 2, 1976. On December 11, 2017, respondent filed a voluntary surrender of license to practice law, in which he stated that, on August 22, 2017, a grievance was filed against him with the Council for Discipline alleging that he misappropriated client funds. Respondent stated that he knowingly chooses not to contest the truth of the allegations made against him in the grievance letter. He also stated that he freely and voluntarily waives his right to notice, appearance, or hearing prior to the entry of an order of

- 462 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. FELLER
Cite as 299 Neb. 461

disbarment, and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is

- 463 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. FELLER
Cite as 299 Neb. 461

directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

WRIGHT, J., not participating.